Peckham, J.
 

 This case has been here once before, and is reported in 133 N. Y., 79 ; 44 St Eep., 248. The court upon that appeal reversed the judgment in favor of the plaintiffs and granted a new trial, and this appeal is from a verdict in favor of the plaintiffs, taken upon that new trial, under the direction of the court, for six cents damages.
 

 It was assumed upon this last trial that the rule of damages as laid down by this court on the former appeal led necessarily to the result directed by the court.
 

 In this view, we think, there was error.
 

 The rule as laid down by us did not preclude the plaintiffs from showing what was the fair rental value of the property with
 
 *684
 
 out the presence of the obstruction of access to plaintiffs’ property from the river, caused by the defendant’s railroad.
 

 On the former appeal we held that the plaintiffs could not recover what were speculative damages caused, as they alleged, by the defendant in obstructing the plaintiffs’ use of the premises for brickmaking purposes, when it appeared that plaintiffs had abandoned that use of the land years before the defendant created the obstruction in question, and the premises had not since been in a condition to be' so used even if the obstruction were not there. It-was said, that the basis for an estimate of the damage must be found by reference to the land as it was used during the time embraced in the action. The facts showed that it was assumed the land could not have been used for a brickyard during this time, because of plaintiffs’ long abandonment of such use and the decay of the dock at the westerly end of the culvert, and also the decay of a part of the causeway and the absence of buildings and machinery fit for brickmaking purposes. In such case the possible use of the land for a brickyard was regarded as dependent upon outlays not made, or, so far as shown, not contemplated by plaintiffs, 1 and hence, within the principles of the
 
 Tallman
 
 case, 121 N. Y., 119 ; 30 St. Rep., 491, that use was not to be taken into consideration.
 

 It was not meant to restrict the recovery to the rental value of the land as actually used and for that purpose only, but any evidence going to show the actual rental value of the land as it was, that is, in the same general condition, would be proper although not restricted to such rental for the use to which it in truth was put during that time. Otherwise, if the land had not been in actual use, then no damage would be recoverable, although the value of the use of the land in exactly the condition it was in might be proved to have been a very large annual sum, if the obstruction were absent. What we intended to hold was the same principle which had been announced in the
 
 Tallman
 
 case, supra, and thereby to prevent speculation as to what alterations a party might have made in the condition of the land, by which he might have secured large returns by way of rent for such possible use, while in fact doing nothing towards incurring expenses and making such alterations or attempting to realize such wholly imaginary profits.
 

 And this was the extent of our holding when the facts of the case are considered and the language of the court is applied thereto.
 

 The case is now before us in a. totally different aspect The plaintiffs offered to show substantially that the land was in condition to lease for a brickyard during this time, excepting for the existence of this obstruction wrongfully placed by the defendant, which precluded access to and from the' river, and that it was the custom for the lessee to furnish the improvements upon the property necessary to conduct the brickmaking business. The plaintiffs also offered to show there were persons ready and willing to take a lease of the land just as it stood, and in the exact condition it remained in, during the time prior to the com
 
 *685
 
 mencement of the action, provided access could be had from the land to the river front, and that plaintiffs sought defendant’s permission to allow the lessee to obtain this access to the river, and that it was refused. It seems to us this evidence was proper. The land was ready for use as a brickyard, tenants were ready to lease it for that purpose, provided access could be obtained to the river, and this access was wrongfully obstructed by the defendant, and it refused to remove it or permit such access to be had. Why should such evidence not be allowed ? And if it appeared that the rental value of the land for such a purpose was in excess of that which could be obtained for its use for other purposes, we think, within all equitable rules, the defendant should pay that difference which was caused directly by its own wrongful act. This is not speculation any more than everything can be called speculation regarding' what has not in truth taken place. The tenant did not, in fact, take the lease, but he was ready to, as the proof showed if only this wrongful obstruction were removed, and the obstruction was the illegal act of the defendant. Thus the failure to take the lease was the direct and immediate result of that act which was wrongful on the part of the defendant, and which it ought to be held responsible for.
 

 The rule as enforced by the trial court is, as it seems to us, exceedingly unjust. Although the land may have been entirely St to be used for a brickyard, but for this one difficulty, and though its use for that purpose might be very valuable, yet because of the obstruction, although wrongfully placed there by defendant, it cannot be so used, and the value of the land for the use it was actually put to may not have been in the slightest degree diminished bv this obstruction; therefore, according to the rule laid down by the trial court, the plaintiffs would have proved no damage, and hence would be dismissed with the nominal verdict of six cents. This cannot be the law and we are confident no principle has been laid down by this court which leads to such great hardship and injustice.
 

 The trial court, we think, fell into error in this application of the rule of damages, and the judgment must, for that reason, be reversed and a new trial ordered, with costs to abide the event.
 

 All concur.